**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard O. LEDESMA, Defendant–**
**Appellant.**

**No. 00–1266.**

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

Before CLAY and GILMAN, Circuit Judges; WISEMAN, District Judge.[*]

Richard O. Ledesma, a federal prisoner proceeding through counsel, appeals the sentence imposed following his conviction for one count of tax evasion in violation of 26 U.S.C. § 7201 and one count of using a telephone to facilitate a controlled substance offense in violation of 21 U.S.C. § 843(b). The parties have expressly waived oral argument, and upon examina-

---

[*] The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

tion, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On November 23, 1999, pursuant to a written plea agreement, Ledesma pleaded guilty to the above offenses in exchange for, among other things, the dismissal of nearly two dozen other counts of criminal conduct. The probation officer thereafter issued the presentence investigation report ("PSR"), in which he calculated Ledesma's total offense level as 25 and his criminal history category as IV. Both parties filed objections to the PSR, and Ledesma moved for a downward departure pursuant to USSG § 4A1.3 on the ground that the criminal history category significantly over-represented his criminal history. The district court upheld the parties' objection to an enhancement under USSG § 2D1.1(b)(2) and reduced the total offense level to 23, but denied Ledesma's motion for a downward departure. Upon consideration of the guideline range of 70 to 87 months in prison, the district court sentenced Ledesma to 72 months in prison, 3 years of supervised release, and a $100 special assessment. The judgment was entered on March 3, 2000.

In his timely appeal, Ledesma argues that the district court abused its discretion by denying his motion for a downward departure.

A district court has the discretion to depart downward from the guideline range where "a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes." USSG § 4A1.3. However, a district court's discretionary refusal to depart downward generally is not reviewable, unless the district court mistakenly believed it did not have legal authority to depart downward. *United States v. Henderson,* 209 F.3d 614, 617–18 (6th Cir.2000).

In the instant case, the district court's refusal to depart downward is not reviewable because the district court expressly recognized its authority to do so. When denying the motion for a downward departure, the district court explained:

... Based on my experience, the criminal history score does not significantly overstate Mr. Ledesma's criminal history. Paragraphs 78 through 82 show several criminal acts for which Mr. Ledesma was assessed no points. The first assessment is for impaired driving in August of 1989, which was two points. That's paragraph 83. Then you have paragraphs 84 and 85, resisting and obstructing in '92, domestic violence in '95; paragraph 86, the OUIL in '98.

The charges that we're talking about here, the first charge of conviction was on the 1995 taxes, and the second charge was on the 1995 drug deal. So they're not so removed in time from the original offense for which he was assessed points that I think downward departure would be required here.

In addition, there was no tax return filed since 1991, and the drug dealings continued until the search warrant in March of 1997.

It seems to me that the drug—I mean, the criminal history points were assessed for things for which they're usually assessed for in cases like this. *And I have discretion.* As a matter of fact, I'm encouraged to depart downward for the reasons you stated if you have the proper case. *I just don't—in my judgment and discretion don't believe this is the proper case.*

Accordingly, the district court's judgment is affirmed.